# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 16 C 6336 |
| v. ) | |
| ) | Judge John Z. Lee |
| JOHNNY MENDEZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Johnny Mendez has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons stated herein, Mendez's motion [1] is denied. His motion for discovery [4] is also denied.

## Background

Mendez was arrested on December 12, 2012. *See* Order of 12/13/12, No. 12-CR-00969, ECF No. 15. On December 26, 2012, the Government was granted a 45-day extension of time to seek the return of an indictment against Mendez and his codefendants. *See* Order of 12/26/12, No. 12-CR-00969, ECF No. 29. Subsequently, Mendez was charged with multiple offenses relating to the distribution of large quantities of cocaine and heroin, as well as a firearms offense, on February 21, 2013. *See* Indictment, No. 12-CR-00969, ECF No. 33. The charges were the culmination of an "extensive investigation" focusing on members of the Spanish Cobra street gang. Mem. Op. & Order at 1, No. 12-CR-00969, ECF No. 255.

On October 3, 2013, Mendez filed motions to suppress certain evidence, including all evidence seized from his residence on November 30, 2012; statements he made on that date; and evidence obtained from wiretaps conducted during the investigation. *See* Mots. to Suppress, No. 12-CR-00969, ECF Nos. 164, 165, 169. The Court held a hearing on certain aspects of these motions in June 2014. *See* Orders, No. 12-CR-00969, ECF Nos. 239, 240, 241, 243.

Several law enforcement officers testified at the hearing as to what occurred when they arrived at Mendez's residence on November 30, 2012. In its order denying the motions to suppress, the Court summarized the hearing testimony as follows:

> When Officer Harris knocked on the door of the Mendez residence and announced his presence, he saw Mendez look out through the front window. Officer Harris told Mendez that officers needed to talk to him, but Mendez responded to the effect of "[f]*** that" and ran away from the window. Officer Wagner approached the side door of the Mendez residence and observed Mendez attempting to flee out of the side door. When Mendez encountered Officer Wagner, he ran back inside the house. Mendez then attempted to escape the house through a window but was met by Officer Wagner and again retreated into the house. Mendez was then observed in the attic of the house, after which the officers lost sight of him for a minute.

Mem. Op. & Order at 9 (citations omitted).

Mendez pleaded guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 1000 grams or more of heroin in violation of 21 U.S.C. § 846 (Count One) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Nineteen), pursuant to a written plea agreement. *See* Plea Agreement, No. 12-CR-00969, ECF No. 331. At the change of plea hearing, Mendez stated that he had had sufficient

time to speak with his attorney about the case; that he was satisfied with the representation he had received; and that he did not have any questions about the case that he wished to discuss with his attorney. *See* 2/24/15 Hr'g Tr. at 6:3-11, No. 12-CR-00969, ECF No. 504. He acknowledged that he had read the plea agreement, discussed it with his attorney, had no further questions about it, and signed it of his own free will. *Id.* at 10:21–12:14. He also admitted that the Government's factual basis regarding Count Nineteen was true. *Id.* at 22:13–23:24.

Mendez was sentenced to a term of 180 months' imprisonment on June 19, 2015. *See* Judgment, No. 12-CR-00969, ECF No. 394. At sentencing, Mendez was informed of his right to appeal. 6/19/15 Hr'g Tr. at 37:9-17, No. 12-CR-00969, ECF No. 472. Mendez, however, did not file an appeal.

Mendez filed his § 2255 petition, along with a motion for discovery, on June 17, 2016. *See* Def.'s § 2255 Mot., ECF No. 1; Def.'s Mot. Discovery, ECF No. 4. Prior to the Government filing its response, Mendez sought leave to amend his petition. *See* Def.'s Mot. Amend, ECF No. 16. The Court granted Mendez leave to amend his petition; however, Mendez did not file an amended petition. *See* Order of 1/25/17, ECF No. 29; Order of 8/21/17, ECF No. 31.

**<u>Legal Standard</u>**

Section 2255 provides that a criminal defendant is entitled to relief from his conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the

constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id.* Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## Analysis

Mendez raises five grounds for relief, all of which relate to the alleged ineffectiveness of his former attorney. To succeed, Mendez's claims of ineffective assistance must satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that his attorney's performance was constitutionally deficient insofar as it "fell below an objective standard of reasonableness" as measured against "prevailing professional norms." *Id.* at 688. Second, he must show that any error made by his attorney caused him prejudice. *Id.* at 692.

**I.     Ground One**

Mendez first argues that his attorney was ineffective because he did not move to dismiss the criminal complaint for failure to indict within 30 days of Mendez's arrest. He also contends that the Acting Chief Judge erred in granting the Government's motion to extend the time in which to indict. Mendez relies on the Speedy Trial Act, 18 U.S.C. § 3161(b), which requires that the Government file an indictment or information within 30 days of a defendant's arrest. Here, as discussed

4

above, Mendez was arrested on December 12, 2012, but was not indicted until February 21, 2013. Thus, he contends, his attorney should have moved to dismiss the indictment as filed outside the 30-day window.

As the Government rightly points out, however, 18 U.S.C. § 3161(h)(7)(A) permits a court to grant an extension of time for indictment in limited circumstances, and provides that certain periods of time are excluded when calculating the 30-day window, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

Furthermore, the Act provides that a judge should consider the following in deciding whether to grant a continuance:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

*Id.* § 4161(h)(7)(B)(iii).

Under § 3161(h)(7)(A), the court must set forth its reasons for finding that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. Here, the Acting Chief Judge stated that he granted the continuance because:

> (i) this is a complex case such that it would be unreasonable to expect the government effectively to prepare the evidence for presentation to the Grand Jury in a shorter time period; (ii) this is a case in which arrest preceded indictment and the arrest occurred at a time such that it would be unreasonable to expect return and filing of the indictment within a shorter time period; and (iii) the failure to grant such an extension would deny the government continuity of counsel and the reasonable time necessary for effective preparation of the evidence for presentation to the Grand Jury, taking into account the exercise of due diligence.

Order of 12/27/12, No. 12-CR-00969, ECF No. 30.

To meet the standard set by *Strickland*, Mendez must show that his attorney's decision not to object to the Government's motion based upon the Speedy Trial Act fell below an objective standard of reasonableness and resulted in prejudice to him. Mendez's petition fails on both points. Mendez focuses on the fact that there was a grand jury sitting during part of the time period at issue; however, his argument fails to consider § 3161(h)(7), which permits extension of the 30-day time period under certain circumstances and formed the basis of the Acting Chief Judge's order. Here, in accordance with § 3161(h)(7)(A), the Acting Chief Judge explained the reasons for granting the continuance, all of which are permissible reasons under the Speedy Trial Act. *See, e.g.*, *United States v. Hills*, 618 F.3d 619, 628 (7th Cir. 2010). "[B]ecause [Mendez] fails in his effort here to demonstrate that the Act was in fact violated, his counsel cannot be deemed ineffective for having failed to file a motion to dismiss the indictment on that basis." *Blake*, 723 F.3d at 885. As such, the Court declines to grant Mendez relief on Ground One.

**II. Ground Two**

Mendez next contends that his attorney was ineffective in failing to challenge the factual basis for Count Nineteen, as set out in the plea agreement. Specifically, he argues that the Government's evidence of possession of the firearm "in furtherance" of a narcotics-trafficking offense was insufficient, because he "always liked to possess a weapon within [his] residence for personal protection." Def.'s § 2255 Mot., Mendez Aff. ¶ 6.

But Mendez made certain admissions during the plea colloquy in this case, and those admissions provided an adequate factual basis for the § 924(c) offense. Specifically, Mendez admitted to possessing the weapon "in furtherance" of a drug-trafficking offense when he admitted that: (1) he knowingly stored the firearm at issue in the basement of his home, near large quantities of narcotics and over $200,000 in cash; and (2) he possessed the firearm in order to protect the drug-trafficking operation, including the narcotics and monetary proceeds that were stored in the basement. *See* 2/24/15 Hr'g Tr. at 21:24–22:12, 23:16-20. This satisfies § 924(c), which requires that a weapon possessed "in furtherance" of a drug-trafficking offense "further, advance, move forward, promote or facilitate the drug-trafficking crime, and that the possessed gun further a drug-trafficking offense by providing the dealer, his stash, or his territory with protection." *United States v. Eller*, 670 F.3d 762, 765 (7th Cir. 2012) (citation omitted).

Mendez does not address or dispute the admissions he made at the plea colloquy; rather, he presents a new version of the facts explaining his possession of

the firearm. But there is a presumption that a defendant's testimony in a plea colloquy is truthful, *see United States v. Moody*, 770 F.3d 577, 581–82 (7th Cir. 2014), and nothing in the record suffices to overcome that presumption. Thus, Mendez is bound by the representations he made in his plea colloquy, which were sufficient to provide a factual basis for the § 924(c) count. Given these admissions, there is no basis to conclude that Mendez's attorney's decision not to challenge the factual basis for the § 924(c) charge constituted ineffective assistance. Thus, Mendez is not entitled to relief on Ground Two.

## III. Ground Three

Mendez further argues that his attorney was ineffective because he failed to consult with Mendez about filing an appeal. Mendez states that, had his attorney consulted with him, he would have instructed him to file a notice of appeal. He does not specify on what grounds he would have appealed.

As the Government correctly recognizes, an attorney's failure to consult with a client regarding an appeal amounts to deficient performance under *Strickland* only where: "(1) a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) [the] particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Bednarski v. United States*, 481 F.3d 530, 536 (7th Cir. 2007) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 479–80 (2000)).

Here, Mendez has not made either showing. First, he fails to identify any nonfrivolous grounds for appeal. This makes sense, considering that Mendez received

8

a term of 180 months of imprisonment: 120 months on Count One of the indictment, and 60 months on the § 924(c) violation in Count Nineteen. *See* Judgment. This sentence represents the mandatory minimum applicable to each offense, and § 924(c) mandated that the 60-month sentence run consecutively to the 120-month sentence. *See* 21 U.S.C §§ 841(b)(1)(A)(i), 846; 18 U.S.C. § 924(c)(1)(A)(i). In light of Mendez's admissions at the plea colloquy and the fact that he received the minimum sentence for each offense, the Court sees no basis on which he could have appealed his sentence.

In addition, even if Mendez could identify any nonfrivolous grounds for appeal, he has failed to reasonably demonstrate that he was interested in appealing the sentence. Mendez states only that he "*would have* instructed" his attorney to file a notice of appeal, had the attorney discussed it with him. Def.'s § 2255 Mot. at 4, 7. But this is insufficient to show that he demonstrated to his attorney that he was interested in pursuing an appeal. And, what is more, it is "highly relevant" that Mendez pleaded guilty, because "a guilty plea reduces the scope of potentially appealable issues and . . . may indicate that the defendant seeks an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480. Thus, there is no basis for the Court to conclude that Mendez demonstrated to his attorney that he wished to file an appeal. Because Mendez has failed to make the required showings under *Flores-Ortega*, the Court concludes that relief on Ground Three is not warranted.

## IV. Ground Four

In Ground Four, Mendez raises several arguments as to his attorney's alleged ineffectiveness concerning the motions to suppress. First, he argues that his attorney was ineffective for failing to adequately investigate prior to filing the motions to suppress. Specifically, he contends that his attorney "fail[ed] to obtain updated photos" of Mendez's residence "to prove that a wooden fence surrounds his whole house and that he has blinds on every window." Def.'s § 2255 Mot. at 9. Furthermore, he states that his attorney failed to obtain records from his home-alarm company, which "would have shown that the police officers entered through [the] back door and not [the] front door," as they testified at the suppression hearing. Mendez Aff. ¶ 9. Finally, he argues that his attorney was ineffective for failing to negotiate a conditional plea. None of these arguments have merit.

### A. Photographs and Alarm Records

To prove that his attorney's alleged failure to investigate constituted ineffective assistance, Mendez must provide the Court with specific information as to what the investigation would have produced. *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003); *see also United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990) (stating that a § 2255 petitioner must make a "comprehensive showing as to what the investigation would have produced"). Here, however, Mendez has failed to make that showing.

First, Mendez has not identified any existing photographs of his home taken contemporaneously with the events of November 30, 2012. To the extent Mendez

10

argues that his counsel should have introduced photographs of the home taken at a later date, those photographs would have been entitled to little weight, as they would not have established whether the window blinds were open or closed on November 30, 2012. Furthermore, as to Mendez's argument that his attorney should have obtained and introduced photographs of his residence showing that it was surrounded by a wooden fence, the Court was aware of the fence at the suppression hearing and it was made explicit that the photographs introduced at the hearing did not show the fence that was there. 6/3/14 Hr'g Tr. at 265:19–266:7, No. 12-CR-00969, ECF No. 510. Mendez has failed to establish that he suffered any prejudice from the lack of photographs showing the fence.

Similarly, as to the alarm records, Mendez merely speculates that, if his attorney had obtained such records, they would have contained information that would have contradicted the officers' testimony at the suppression hearing. This type of baseless speculation falls short of the "comprehensive showing" required to prove that his attorney's performance constituted ineffective assistance. *Gramley*, 915 F.2d at 1133. Thus, Mendez is not entitled to relief on this aspect of Ground Four.

### B. Plea Negotiations

Mendez has also failed to show that his attorney provided ineffective assistance by failing to obtain a conditional guilty plea—preserving his right to appeal the denial of his motions to suppress—pursuant to Fed. R. Crim. P. 11(a)(2).

First, a criminal defendant has "no right to be offered a plea," and has no right "that the judge accept it." *Missouri v. Frye*, 566 U.S. 134, 148 (2012). And a

11

conditional plea "is not just the defendant's choice," because Rule 11(a)(2) "requires that both the government and the court find such a plea to be acceptable." *United States v. Alvarez-Quiroga*, 901 F.2d 1433, 1437 (7th Cir. 1990). Thus, even if Mendez's attorney had sought a conditional plea, there is no indication that the Government would have agreed to the deal, or that the Court would have accepted it. *See United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) (noting that "the successful negotiation of a plea agreement involves factors beyond the control of counsel" and citing a Tenth Circuit case extending this principle to the negotiation of a conditional plea agreement). For this reason, the Court joins the numerous district courts that have rejected § 2255 petitioners' ineffective assistance of counsel claims related to failure to negotiate a conditional plea. *See, e.g.*, *Johnson v. United States*, No. 13-cv-00237-DRH, 2013 WL 4012623, at *4 (S.D. Ill. Aug. 6, 2013); *United States v. Jackson-Bey*, No. 2:09-cr-43, No. 2:11-cv-307, 2012 WL 209159, at *8 (N.D. Ind. Jan. 23, 2012); *United States v. Brookshire*, No. 1:07-CR-92-TLS, 2011 WL 2447714, at *5 (N.D. Ind. June 15, 2011); *United States v. Jones*, No. 07 CR 432, 2009 WL 424469, at *5–6 (N.D. Ill. Feb. 19, 2009).

Second, even if Mendez had entered a conditional plea and had an opportunity to appeal the denial of the motions to suppress, it is unlikely that such an appeal would have been successful. The denial of the motions to suppress largely came down to credibility determinations and would have been reviewed on appeal under a deferential, "clearly erroneous" standard. *Jones*, 2009 WL 424469, at *6 (citing *United States v. Eddy*, 8 F.3d 577, 580 (7th Cir. 1993)). An appellate court would

12

have accepted the Court's credibility determinations unless the appellate court found them to be contrary to the laws of nature, or so inconsistent or improbable on their face that no reasonable factfinder could accept them. *Eddy*, 8 F.3d at 580. Because Mendez could not meet that burden, he was not prejudiced by his attorney's failure to obtain a conditional plea.

Accordingly, Mendez is not entitled to relief on this aspect of Ground Four.

## V.     Ground Five

Finally, Mendez claims that his attorney was ineffective in failing to challenge the forfeiture proceedings for Mendez's residence and over $200,000 in currency seized on November 30, 2012. But such a claim is not cognizable on *habeas* review. Relief under § 2255 is limited to issues affecting custody and liberty. *Virsnieks v. Smith*, 521 F.3d 707, 722 (7th Cir. 2008) ("Section 2255 affords relief to prisoners who are 'in custody' and who 'claim[ ] the right to be released.'") (quoting 28 U.S.C. § 2255). For this reason, the Seventh Circuit has held that § 2255 is not the proper vehicle for obtaining relief regarding final rulings on issues of property. *Id.* at 718 (stating that "orders of restitution, fines and the revocation of medical and driver's licenses do not satisfy the 'in custody' requirement" for *habeas* relief) (citations omitted); *see also Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (stating that Section 2255 is "not available to challenge an order of restitution imposed as part of a criminal sentence" because "the relief requested in such a case [does] not qualify as a 'right to be released'") (citations omitted). Rather, "a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *Young*

*v. United States*, 489 F.3d 313, 315 (7th Cir. 2007). "This is true even if a prisoner has alleged ineffective assistance of counsel in relation to the property issues raised before the trial court." *Murphy v. United States*, No. 07 C 3804, 2009 WL 424490, at *6 (N.D. Ill. Feb. 17, 2009) (citing *Barnickel*, 113 F.3d at 705–06).

In any event, even if a claim related to the forfeiture proceedings were cognizable on *habeas* review, Mendez has not explained how he believes the forfeiture should have been challenged. Rather, he merely states that he told his attorney that he "would like to challenge the [f]orfeiture [p]roceedings," but that his attorney did not file a motion to do so. Def.'s § 2255 Mot. at 8. Such vague, conclusory statements fail to show that his attorney's performance fell below the standard set forth in *Strickland*. For these reasons, Mendez is not entitled to relief on Ground Five.

## VI. Motion for Discovery

Mendez has also filed a motion for discovery, seeking the appointment of counsel to "obtain updated photos of his old residence . . . to prove that a wooden fence was built . . . all around the house and [that] [Mendez] had blinds on every single window of the residence[.]" Def.'s Mot. Discovery at 3. He also seeks "records for the [a]larm [c]ompany who [he] had an alarm systems account with during the warrantless search of his residence on November 30, 2012[.]" *Id.* at 4.

There is no general right to discovery in a *habeas* case. Instead, a § 2255 petitioner is entitled to discovery if he can "(1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show 'good cause' for the discovery." *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004)

(internal citation omitted). "Good cause [for discovery in a *habeas* case] cannot exist where the facts alleged do not provide a basis for relief." *Id.* Here, for the reasons stated above, Mendez's § 2255 petition does not present any colorable claim for relief, and there is no basis to conclude that the discovery he seeks would change that conclusion. That being the case, the motion for discovery is denied.

## Conclusion

Mendez's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied. The Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c), because Mendez has not made a substantial showing as to the denial of a constitutional right as to any of the claims raised in his petition, and therefore has not "demonstrate[d] that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (citation omitted). Mendez's motion for discovery is denied.

**IT IS SO ORDERED.**          **ENTERED: 6/6/19**

_____
**John Z. Lee
United States District Judge**